Filed 4/2/13; pub. order 4/25/13 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| BEHNAM KHANI et al., | B239611 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC466626) |
| v. | |
| FORD MOTOR COMPANY et al., | |
| Defendants and Respondents. | |


APPEAL from order of the Superior Court of Los Angeles County, Amy D. Hogue, Judge. Reversed.

Strategic Legal Practices, Payam Shahian, Gielegheim & Associates and Neil Gielegheim, for Plaintiffs and Appellants.

Baker & Hostetler, Mary L. Arens, Rosslyn Hummer, and Jack Samet for Defendants and Respondents.

_____

Behnam Khani and his trial counsel, Payam Shahian and Strategic Legal Practices, appeal from an attorney disqualification order. We reverse.

## FACTUAL AND PROCEDURAL SUMMARY

On August 11, 2011, Khani, represented by Shahian and his law firm, Strategic Legal Practices, sued Ford Motor Company (Ford) and its dealer, Galpin Motors, Inc., under the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq., popularly known as California's Lemon Law) for defects in a 2008 Lincoln Navigator. On September 16, 2011, Ford's counsel sent a letter to Shahian, requesting his withdrawal from the litigation on the ground that he previously had defended Ford in lemon law cases. On October 4, 2011, Shahian responded, refusing to withdraw.

On December 31, 2011, Ford filed a motion to disqualify Shahian and his law firm. The motion was accompanied by the declaration of Brian Takahashi, a partner at the law firm Bowman and Brooke, which employed Shahian between June 2004 and July 2007. Bowman and Brooke was Ford's corporate counsel, and during his tenure there Shahian worked on 150 cases, including California Lemon Law cases. According to Takahashi, Shahian was "privy to confidential client communications and information relating to the defense of" such cases, as well as to "pre-litigation strategies, tactics, and case handling procedures." Shahian provided unspecified "input" to Ford's Office of General Counsel and Consumer Affairs and communicated regularly with Ford about lemon law cases.

The court granted the disqualification motion, ruling that the legal issues in lemon law cases are substantially similar, and presuming that Shahian's previous work exposed him to confidential information about Ford's handling of such cases. The court did not address Shahian's argument that Ford had waived its right to seek his disqualification.

This timely appeal followed.

## DISCUSSION

"Generally, a trial court's decision on a disqualification motion is reviewed for abuse of discretion. [Citations.] If the trial court resolved disputed factual issues, the reviewing court should not substitute its judgment for the trial court's express or implied

2

findings supported by substantial evidence. [Citations.] When substantial evidence supports the trial court's factual findings, the appellate court reviews the conclusions based on those findings for abuse of discretion. [Citation.] However, the trial court's discretion is limited by the applicable legal principles. [Citation.] Thus, where there are no material disputed factual issues, the appellate court reviews the trial court's determination as a question of law. [Citation.] In any event, a disqualification motion involves concerns that justify careful review of the trial court's exercise of discretion." (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1143–1144.) Since the principal issue in this case is whether the court applied the correct legal test, we review its determination independently.

In the case of successive representation of clients with adverse interests, a disqualification motion juxtaposes the client's right to be represented by his or her counsel of choice with the attorney's duty to maintain the confidences of his or her former client. (*City and County of San Francisco v. Cobra Solutions, Inc.* (2006) 38 Cal.4th 839, 846 (*Cobra Solutions*).) In a case like this, "the trial court must balance the current client's right to the counsel of its choosing against the former client's right to ensure that its confidential information will not be divulged or used by its former counsel." (*Ibid.*)

In order to disqualify the attorney, the former client must show that the subjects of the successive representations are substantially related. (*Cobra Solutions*, *supra*, 38 Cal.4th. at p. 847.) A substantial relationship exists where "the attorney had a direct professional relationship with the former client in which the attorney personally provided legal advice and services on a legal issue that is closely related to the legal issue in the present representation. (*Jessen v. Hartford Casualty Ins. Co*. (2003) 111 Cal.App.4th 698, 710–711 [(*Jessen*)].) If the former representation involved such a direct relationship with the client, the former client need not prove that the attorney possesses actual confidential information. (*Id*. at p. 709.)" (*Cobra Solutions*, at p. 847.) The attorney is conclusively presumed to possess confidential information "if the subject of the prior representation put the attorney in a position in which confidences material to the current

3

representation would normally have been imparted to counsel." (*Ibid*.; see also *Flatt v. Superior Court* (1994) 9 Cal.4th 275, 283; *H. F. Ahmanson & Co. v. Salomon Brothers, Inc.* (1991) 229 Cal.App.3d 1445, 1453.)

The trial court in this case was under the impression that *Cobra Solutions* requires consideration of only the legal issues involved in successive representations, and it assumed that all lemon law cases raise similar legal issues. In *Cobra Solutions*, our Supreme Court reviewed the legal principles established in *Jessen* and other cases. (*Cobra Solutions*, *supra*, 38 Cal.4th. at p. 847.) The *Jessen* court made clear that where the attorney had a direct relationship with the former client, the substantial relationship test requires that "the evidence before the trial court support[] a rational conclusion that information material to the evaluation, prosecution, settlement or accomplishment of the former representation given its factual and legal issues is also material to the evaluation, prosecution, settlement or accomplishment of the current representation given its factual and legal issues. [Citations.]" (*Jessen*, *supra*, 111 Cal.App.4th at p. 713.)

In *Farris v. Fireman's Fund Ins. Co.* (2004) 119 Cal.App.4th 671 (*Farris*), the court clarified that "the *Jessen* evaluation of whether the two representations are substantially related centers precisely upon the factual and legal similarities of the two representations." (*Id*. at p. 679, citing *Jessen*, *supra*, 111 Cal.App.4th at pp. 709–710.) The *Farris* court explained that *Jessen* did not adopt a "playbook approach" to the substantial relationship test or create "a lifetime prohibition against representation adverse to a former client." (*Farris*, at p. 680.) The attorney's acquisition of general information about the former client's "'overall structure and practices' would not of itself require disqualification unless it were found to be 'material'—i.e., directly in issue or of critical importance—in the second representation. [Citation.] The same is true about information such as the first client's 'litigation philosophy' or 'key decision makers.'" (*Farris*, at p. 680.) The substantial relationship test requires comparison not only of the legal issues involved in successive representations, but also of evidence bearing on the materiality of the information the attorney received during the earlier representation.

4

The attorney in *Farris* had worked as a coverage counsel for an insurance company for over 10 years. (*Farris*, *supra*, 119 Cal.App.4th at p. 677.) He had shaped the company's practices and procedures in handling California coverage claims. (*Id*. at p. 688.) Six months after the attorney had stopped working for it, the company denied an insured's request for a defense. (*Id*. at p. 686.) The court held the attorney was disqualified from representing the insured in the ensuing bad faith case, reasoning that the claims processing practices and procedures the attorney shaped would likely be at issue in the bad faith case, and senior claims personnel with whom the attorney closely worked would likely be called as witnesses. (*Id*. at pp. 685, 688.)

The evidence in this case does not establish that any information to which Shahian was exposed during his representation of Ford would be material to his representation of Khani in this case. While Ford presented evidence that Shahian represented it in California Lemon Law cases, it did not establish that any confidential information about the defense in those cases would be at issue in this case. Neither the allegedly defective 2008 Lincoln Navigator nor its repair history by Galpin Motors was the subject of any lawsuit in which Shahian represented Ford. Takahashi's declaration does not show that Ford had any policies, practices, or procedures generally applicable to the evaluation, settlement or litigation of California Lemon Law cases at the time Shahian represented Ford, or that any such policies, practices, or procedures continued in existence unchanged between 2007 and 2011. Nor does it show that the same decision makers that were involved in cases Shahian handled for Ford are involved in this case.

The trial court abused its discretion in concluding that the prior cases were substantially related to the current case just because they involved claims under the same statute. The substantial relationship test does not subject an attorney to automatic disqualification on this ground alone. (See *Banning Ranch Conservancy v. Superior Court* (2011) 193 Cal.App.4th 903, 918 [successive representations in cases under

5

California Environmental Quality Act not substantially related].)[1]  The court also incorrectly assumed that Shahian's exposure to playbook information in prior lemon law cases was sufficient to disqualify him in this case without any showing of its materiality. (See *Farris*, *supra*, 119 Cal.App.4th at p. 680; see also *Elliott v. McFarland Unified School Dist.* (1985) 165 Cal.App.3d 562, 572 [conclusory statements insufficient].)  Ford's bare-bones evidence in this case is insufficient to establish that Shahian's previous representation of Ford in California Lemon Law cases exposed him to confidential information that would be material to his current representation of Khani.

Since we conclude that the court abused its discretion in disqualifying Shahian and his law firm, we do not decide whether Ford impliedly waived attorney disqualification by not filing its motion in a timely fashion.

## DISPOSITION

The order is reversed.  Appellants are entitled to their costs on appeal.


                                                EPSTEIN, P. J.
We concur:



    WILLHITE, J.                         SUZUKAWA, J.

---

[1] Similarly, in *Hartford Cas. Ins. Co. v. American Dairy and Food Consulting Laboratories, Inc.* (E.D.Cal., June 17, 2010, No. 1:09-CV-0914) 2010 WL 2510999, the federal district court rejected as overbroad the argument that, since all bad faith insurance cases share common elements, representing an insurance company in such cases precludes an attorney from ever representing another client in a bad faith case against the company.  Unpublished federal district court decisions may be persuasive authority. (*Aleman v. Airtouch Cellular* (2012) 209 Cal.App.4th 556, 576, fn. 8.)

Filed 4/25/13

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| BEHNAM KHANI et al., | B239611 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC466626) |
| v. | |
| FORD MOTOR COMPANY et al., | |
| Defendants and Respondents. | |


THE COURT:*

  Good cause appearing, it is ordered that the opinion in the above entitled matter, filed April 2, 2013, be published in the official reports.

_____

*EPSTEIN, P. J.        WILLHITE, J.        SUZUKAWA, J.