Filed 3/16/16

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| LESLIE A. COSTELLO, | D068536 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2014-00043440-CU-CO-CTL) |
| PETER C. BUCKLEY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Affirmed.

Robert W. Buckley for Defendant and Appellant.

John A. Messina, Jr., for Plaintiff and Respondent.

INTRODUCTION

Leslie A. Costello (Leslie)[1] sued her former boyfriend, Peter C. Buckley (Peter), seeking to collect money she allegedly loaned him during their relationship.  Peter retained his brother, attorney Robert Buckley (Robert), to defend him against Leslie's lawsuit.  Because Robert had previously represented Leslie in another matter, Leslie moved to disqualify Robert on the grounds that during the time that Robert had served as

---

[1]    For ease of identification, we refer to the parties by their first names.  We intend no disrespect.

Leslie's attorney, Robert had learned confidential information about Leslie's relationship with Peter that could be used against her. We conclude that the trial court properly granted the motion.

FACTUAL AND PROCEDURAL BACKGROUND

Leslie and Peter have known each other since high school. After reconnecting in 2010, they had a dating relationship which lasted until late 2011. Between October 2010 and November 2011, Leslie loaned Peter $92,000, which Leslie alleges Peter promised to repay.

During Leslie and Peter's relationship, Leslie's neighbor sued her seeking to enforce an easement for access to his water heater, which was located in her garage. In August 2011, on Peter's recommendation, Leslie retained Robert to represent her in the easement dispute. Robert actively represented Leslie for almost a year. While acting as Leslie's attorney, Robert acquired confidential information about Leslie and Peter's romantic relationship. In late 2011, while Robert was actively litigating the easement case, Peter and Leslie broke up. Robert offered to withdraw as Leslie's attorney feeling she may have been uncomfortable with his continued representation. Nevertheless, Robert continued to represent her until the trial concluded in June 2012. Leslie paid Robert almost $40,000 for his services.

Approximately two years after the conclusion of the easement litigation, Leslie sued for the $92,000. Peter retained Robert to defend against Leslie's lawsuit. In February 2015, Robert filed an answer to the complaint and propounded discovery to Leslie. Among other things, a request for admissions asked Leslie to admit that she

engaged in a romantic relationship with Peter and that during the relationship, she gave money to him with no expectation of repayment.[2]

Leslie promptly requested that Robert withdraw as Peter's attorney because of the conflict of interest. Robert declined to withdraw as Peter's counsel and requested that the responses to his request for admissions be submitted on time. Leslie then filed a motion to disqualify Robert contending that the confidential information he acquired in the previous representation could be used against her interests. At the hearing on the motion to disqualify Robert, the trial court acknowledged that the easement dispute and the collection case were completely unrelated. Nevertheless, the court determined that during the time that Robert represented Leslie in the easement case, he acquired confidential information with him about the nature of her romantic relationship with Peter.[3] Further, the court recognized that Robert was basing Peter's defense on the contention that during that romantic relationship, Leslie gave Peter money with no expectation of repayment. The court concluded that Robert's potential use of confidential

---

[2]    Peter's request for admissions to Leslie included:

> "REQUEST FOR ADMISSION NO. 2: Admit that you referred to the money you provided to [Peter] as a 'gift.' "
> "REQUEST FOR ADMISSION NO. 4:  Admit that you provided [Peter] money based on your personal relationship with him."
> "REQUEST FOR ADMISSION NO. 8:  Admit that you were romantically involved with [Peter] at the time of all of the transactions that are the subject of your complaint."

[3]    In her declaration filed in support of her motion to disqualify Robert as Peter's counsel, Leslie stated that during the course of Robert's representation of her "[Robert] was completely aware and privy to [her] and [Peter's] personal relationship."

information acquired while representing former client, Leslie, against her interests, constituted a conflict of interest.

Because of this conflict of interest between former and current client, the trial court granted the motion to disqualify. Peter appeals from that order.

## DISCUSSION

### I. *Standard of Review*

"An order granting or denying a disqualification motion is an appealable order [citation] and is reviewed for abuse of discretion. [Citation.] The trial court's ruling is presumed correct [citation] and reversal is permissible 'only when there is no reasonable basis for the trial court's decision.' [Citation.] We accept as correct all of the court's express or implied findings that are supported by substantial evidence. [Citation.] [¶] 'In viewing the evidence, we look only to the evidence supporting the prevailing party. [Citation.] We discard evidence unfavorable to the prevailing party as not having sufficient verity to be accepted by the trier of fact. [Citation.] Where the trial court has drawn reasonable inferences from the evidence, we have no power to draw different inferences, even though different inferences may also be reasonable.' " (*Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1203.) We review a lower court's decision under the abuse of discretion standard. (*SpeeDee Oil Change Systems*, *supra*, 20 Cal.4th at pp. 1143-1144.)

### II. *Rules of attorney disqualification*

"A motion to disqualify counsel brings the client's right to the attorney of his or her choice into conflict with the need to maintain ethical standards of professional

4

responsibility. [Citations.] The paramount concern is the preservation of public trust in the scrupulous administration of justice and the integrity of the bar. [Citations.]

"A trial court's authority to disqualify an attorney derives from the court's inherent power to 'control in the furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto.' " (*Jessen v. Hartford Casualty Ins. Co.* (2003) 111 Cal.App.4th 698, 705 (*Jessen*).)

A. *Successive Representation as Grounds for Disqualification*

" 'The obligation to represent the client with undivided fidelity does not end with the matter in which the lawyer may have been employed. Thenceforth the lawyer must refrain not only from divulging the client's secrets or confidences, but also from acting for others in any matters where such secrets or confidences or knowledge of the client's affairs acquired in the course of the earlier employment can be used to the former client's disadvantage.' " (*Wutchumna Water Co. v. Bailey* (1932) 216 Cal. 564, 571.) In short, an attorney may never "use against his former client knowledge or information acquired by virtue of the previous relationship." (*Id.* at p. 574; *People ex. rel. Deukmejian v. Brown* (1981) 29 Cal.3d. 150, 155; *Kraus v. Davis* (1970) 6 Cal.App.3d 484, 490.) The effective functioning of the fiduciary relationship between the attorney and client depends on the client's trust and confidence in counsel. " 'The courts will protect clients' legitimate expectations of loyalty to preserve this essential basis for trust and security in the attorney-client relationship.' " (*Pound v. DeMera DeMera and Cameron* (2005) 135 Cal.App.4th 70, 77-78.) It is the duty of an attorney to "maintain inviolate the

5

confidence, and at every peril to himself or herself to preserve the secrets of his or her client."  (Bus. & Prof. Code, § 6068, subd. (e)(1).)  This obligation continues after the termination of the attorney-client relationship.  (*People ex re. Dept. of Corporations v SpeeDee Oil Systems, Inc.* (1999) 20 Cal.4th 1135, 1147.)

Rule 3-310(E) of the Rules of Professional Conduct of the State Bar of California provides in pertinent part, "A member shall not, without the informed written consent of the . . . former client, accept employment adverse to the . . . former client where, by reason of the representation of the . . . former client, the member has obtained confidential information material to the employment."  Where an attorney's conflict arises from successive representation of clients with potentially adverse interests, " 'the chief fiduciary value jeopardized is that of client confidentiality.' "  (*Flatt v. Superior Court* (1994) 9 Cal.4th 275, 283 (*Flatt*).)  Where such a conflict of interest exists, and the former client has not consented to the current representation, disqualification follows as a matter of course.  The trial court does not engage in a balancing of equities between the former and current clients.  The rights and interests of the former client will prevail. (*River West, Inc. v. Nickel* (1987) 188 Cal.App.3d 1297, 1304, 1308.)

"A former client may seek to disqualify a former attorney from representing an adverse party by showing the former attorney actually possesses confidential information adverse to the former client."  (*H.F. Ahmanson & Co. v. Salomon Bros.* (1991) 229 Cal.App.3d 1445, 1452 (*Ahmanson*).)  There is no strict requirement of precise relationship between the factual and legal issues of the two cases.  "[T]he attorney may acquire confidential information about the client or the client's affairs which may not be

6

directly related to the transaction or lawsuit at hand but which the attorney comes to know in providing representation to the former client with respect to the previous lawsuit or transaction." (*Jessen*, *supra*, 111 Cal.App.4th at. p. 712.)

In order to disqualify former counsel who could have acquired confidential information from a former client that could be used in a subsequent case against the former client, the client need not prove "what is in the mind of the attorney. Nor should the attorney have to 'engage in a subtle evaluation of the extent to which he acquired relevant information in the first representation and of his actual use of that knowledge and information in the subsequent representation. ' " (*Global Van Lines v. Superior Court* (1983) 144 Cal.App.3d 483, 489 (*Global Van Lines*).) Further, in such a case, an attorney is not only prevented from *actually using* the confidential information, but also is prevented from accepting subsequent employment representing an adverse party to the former client when he *may* be called upon to use such information. (*Kraus v. Davis*, *supra*, 6 Cal.App.3d at p. 489.)

B. *Application of rules of attorney disqualification to the facts of this case*

Peter contends that because there was no substantial relationship between the easement and the collection cases, there could be no conflict of interest. He further contends that because Leslie did not need to use any information about her romantic relationship with Peter to prevail in her collection case, there was no conflict of interest. We disagree. Leslie presented evidence that Robert actually learned confidential information about her romantic relationship with Peter while he represented her that could be used against her. As a result, she did not need to rely upon the presumption

7

based on substantial factual or legal similarities between the two cases to establish that Robert obtained confidential information from her while representing her in the easement case. Further, although the confidential information about her romantic relationship with Peter was not necessary for Leslie to prevail in her collection case, Peter was using or potentially could use this information to establish his defense that Leslie did not expect repayment of the monies she advanced to him.

Peter argues that Leslie cannot utilize the relationship between the easement and collection cases to establish the conflict of interest because the easement case is unrelated to the collection case. However, Peter failed to consider that the substantial relationship *presumption* is only required when the former client cannot independently establish that the attorney acquired confidential information in the first case that could be used in the successive case. (See *Global Van Lines*, s*upra*, 144 Cal.App.3d at p. 489.)[4] As we will explain, Leslie did not rely upon the substantial relationship presumption to establish that she shared with Robert confidential information regarding her romantic relationship with

---

[4]    Commonly, there is not enough evidence to independently establish that an attorney or member of a firm actually learned confidential information while representing a former client that is adverse to the former client in a successive case. In such cases, courts commonly employ a *presumption* to establish the conflict of interest by demonstrating a "substantial relationship" between the law or facts former and current cases involving the same attorney or law firm. (*Global Van Lines*, *supra*, 144 Cal.App.3d at p. 489; *Ahmanson*, *supra*, 229 Cal.App.3d at p. 1452.) The former client need only prove that (1) a substantial relationship exists between the former and present matters, and (2) the nature of the employment was such that confidential information material to the case would normally be imparted to the attorney. Once the former client establishes these foundational facts, the attorney's knowledge of material confidential information is conclusively presumed and disqualification is mandatory absent the client's informed written consent. (*Flatt*, *supra*, 9 Cal.4th at p. 283.)

Peter. She presented evidence to establish that Robert acquired this confidential information while he represented her. Further, Leslie established that although this information about their romantic entanglement was not helpful to prove her claim, Peter could use this information to defeat Leslie's collection claim.

Robert's disqualification is required if in the course of his previous representation of Leslie, Robert *may have acquired* information that *could be used* against Leslie in his subsequent representation of another client. (See *Kennedy v. Eldridge*, *supra*, 201 Cal.App.4th at pp. 1207-1208.) The evidence in this case demonstrates that both requirements are met.

The trial court reasonably concluded based on circumstantial and direct evidence that while Robert represented Leslie, he acquired confidential information about the nature of the romantic relationship between his former client Leslie and his current client, Peter. The circumstantial evidence supports the trial court's conclusion. While Robert actively represented Leslie for almost a year, the romantic relationship between Peter and Leslie flourished for months and then ended. During that relationship, and at times while Robert represented Leslie, Leslie advanced money to Peter. After the relationship ended, Robert recognized that Leslie might be uncomfortable with his continued representation of her. He offered to resign as her attorney, but Leslie elected to continue with Robert as her attorney. Based on this circumstantial evidence, the trial court could reasonably conclude that during the time that Robert represented Leslie, Robert obtained confidential information about her romantic relationship with Peter. Leslie also provided direct and uncontested evidence in her declaration that during Robert's representation, she shared

9

confidential information with him about her relationship with Peter. Peter did not controvert Leslie's declaration. Under these circumstances, the trial court properly concluded that while representing Leslie, Robert learned confidential information from Leslie about her romantic relationship with Peter.

Leslie, as a former client, need not show that Robert *actually* used the confidential information he learned while representing her in the subsequent defense of Peter. Leslie need only show that Robert could use it in Peter's case. Here, the court correctly determined that Robert was basing Peter's defense on the nature of his romantic relationship with Leslie, i.e., Robert was contending that during Leslie's romantic relationship with Peter, Leslie gave Peter money with no expectation of repayment. In defending Peter, Robert could potentially use confidential information he gained while representing former client, Leslie, against her interest.

In reviewing disqualification motions the trial court's order "is reviewed for abuse of discretion. [Citation.] The trial court's ruling is presumed correct [citation] and reversal is permissible 'only when there is no reasonable basis for the trial court's decision.' [Citation.] [¶] 'Where the trial court has drawn reasonable inferences from the evidence, we have no power to draw different inferences, even though different inferences may also be reasonable.' " (*Kennedy v. Eldridge*, *supra*, 201 Cal.App.4th at p. 1203.)

In summary, based on this evidence, the court did not abuse its discretion in finding that Robert learned confidential information from Leslie while he represented her that could be used against her in her case against Peter. Potential use of this confidential

10

information against the interests of a former client constituted a conflict of interest.

Under these circumstances the trial court properly granted the motion to disqualify.[5]

DISPOSITION

The order is affirmed.  Respondent is entitled to her costs on appeal.


PRAGER, J.[*]

WE CONCUR:


BENKE, Acting P. J.


HUFFMAN, J.

---

[5]    In granting the motion to disqualify Robert, the trial court observed that its ruling actually benefitted Robert.  We agree.  "Our decision relieves [counsel] from the impossible burden of partitioning loyalty to his clients."  (*Knight v. Ferguson* (2007) 149 Cal.App.4th 1207, 1216.)

[*]    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.