## LASKOWITZ et al. v. SHELLEN-BERGER et al.

### No. 12258-T.

United States District Court
S. D. California, C. D.

Sept. 27, 1952.

TOLIN, District Judge.

The Court is asked to permit withdrawal of R. Welton Whann, Esq., John C. Allen, Esq., and Robert M. McManigal, Esq. as attorneys for Craft Furniture Mfg. Co., a corporation. They are the only attorneys of record for said defendant. The case is at issue.

Said defendant consents to the withdrawal by a document bearing its seal filed with the Court. The Court does not consent to the withdrawal of attorneys. Approval would leave a corporate defendant without representation. Even if a defendant assumes to represent himself, he must either enter his first appearance in the case *in propria persona* or be substituted for whoever appeared as his attorney. Defendant appropriately does not offer to do this because, being a corporation, it is without capacity to either represent others or itself.

For authorities discussing the principles involved, see cases cited to support the following quotation from Cal.Jur. Ten Year Supplement, 1949, Revision, Vol.

398

9, Sec. 15, p. 448, where the applicable rules are stated as follows:

"Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney. It cannot appear by an officer of the corporation who is not an attorney, and may not even file a complaint except by an attorney, whose authority to appear is presumed; in other words, a corporation cannot appear *in propria persona*. A judgment rendered in such a proceeding is void."

In any event a withdrawal of attorneys is not the proper course. A substitution of attorneys approved by the Court is the method of changing representation. The purported withdrawal of attorneys is disallowed.