[S. F. No. 20576.   In Bank.   Jan. 24, 1961.]

E. N. KETTENHOFEN, Petitioner, v. THE SUPERIOR COURT OF MARIN COUNTY, Respondent; BRIAN HEATH et al., Real Parties in Interest.

190

Reese, Farrow, Barton & Barton and Harold R. Farrow for Petitioner.

No appearance for Respondent.

Carl B. Shapiro for Real Parties in Interest.

GIBSON, C. J.—Petitioner Kettenhofen seeks to prohibit respondent superior court from punishing him for contempt for failure to comply with a preliminary injunction.

Brian and Edith Heath, real parties in interest, brought an action to establish an easement over a part of Kettenhofen's land and to enjoin him from interfering with their use of the easement. On March 10, 1960, a preliminary injunction was granted by which Kettenhofen was "ORDERED to remove the existing fence" along the boundary of his property and was restrained from using the easement for the storage or permanent parking of vehicles.

During the pendency of an appeal taken by Kettenhofen from the injunction order he was directed to show cause why he should not be punished for alleged wilful violation of the injunction. Hearings were held and the court found that "KETTENHOFEN wilfully failed and refused to comply with the provisions of the temporary injunction in that he continued to maintain the said fence and further continued the use of said easement for parking in the manner prohibited."

■ An appeal stays a mandatory but not a prohibitory injunction. This rule is clear, but whether a decree is one or the other may be difficult to determine in some situations since an order entirely negative or prohibitory in form may prove upon analysis to be mandatory and affirmative in essence and effect. ■ Also the decree may partake of a dual nature, in which event an appeal will stay operation of the mandatory features but not of the prohibitory. (*Food & Grocery Bureau* v. *Garfield,* 18 Cal.2d 174, 177 [114 P.2d 579].) ■■ It has been held that an order which compels a party to build or remove a structure or perform some other physical act is mandatory. (See *In re Donovan,* 94 Cal.App.2d 399 [210 P.2d 860] [remodel a house]; *Katenkamp* v. *Superior Court,* 16 Cal.2d 696, 698 [108 P.2d 1] [remove groins erected on beach].) The same is true of an order which compels the surrender of property. (See *Byington* v. *Superior Court,* 14 Cal.2d 68, 70, 72 [92 P.2d 896] [injunction prohibiting storage of water in excess of a certain amount had the effect of depriving city of appropriative rights].)

■ The effect of the removal order was to change, not to preserve, the status quo; it required affirmative, not negative, action on the part of Kettenhofen. [■■ The portion of the injunction ordering removal of the fence is mandatory in character, and it is stayed by the appeal. It was, therefore, error to hold Kettenhofen in contempt for violation of that portion of the order. Future proceedings in which Kettenhofen should be given further opportunity to be heard may be held to determine whether he has violated the provisions of the preliminary injunction that were not stayed by appeal.

Let a peremptory writ of prohibition issue restraining respondent superior court from enforcing its judgment of contempt insofar as it relates to the mandatory provisions of the injunction that were stayed by appeal. The enforcement of other portions of the contempt judgment is restrained until such time as Kettenhofen is given an opportunity to be heard on the question whether he has violated the provisions of the injunction that were not stayed by the appeal.

Traynor, J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.