[Civ. No. 21962. Fourth Dist., Div. Two. Apr. 11, 1980.]

THOMAS G. FERRUZZO, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
C & D ENTERPRISES, INC., Real Party in Interest.

COUNSEL

Nancy C. Ferruzzo for Petitioner.

No appearance for Respondent and for Real Party in Interest.

OPINION

GARDNER, P. J.—In this writ of mandate proceeding, petitioner is the attorney of record for C & D Enterprises, Inc. in respondent's case numbers 288459, 289608, and 286975. There is no appearance by either respondent or real party in interest.

In the respondent superior court petitioner, upon noticed motion, moved in each case to be relieved as counsel of record for the corporation (real party in interest) and to be relieved as counsel in two of the cases for individuals apparently connected with the corporation. The grounds consisted of noncooperation and nonpayment of attorney fees.

In case number 288459 the court granted the withdrawal motion as to the two individuals but denied the motion as to the corporation. In 289608 the court granted the withdrawal motion as to the sole individual client but denied the motion as to the corporation. In 286975 there were no individuals as clients and the court denied the motion as to the corporation.

In each case the court denied the motion on the ground that the client was a corporation and the court was without authority to allow the withdrawal as attorney of record for the corporation because, in the court's opinion, the only available method for counsel to withdraw was by substituting in new counsel. In other words, the superior court's view was that it was powerless to grant the withdrawal motion because it would place the corporation in a position of acting in propria persona.

Subsequent to the issuance of our alternative writ, the superior court in case 286975 vacated its prior order, exercised its discretion, and granted petitioner's motion to be relieved as the corporation's attorney of record. In the other two cases it is clear that the superior court would have originally granted withdrawal as to the corporation if the court thought it possessed the discretion to do so for the motion was granted on the same facts as to the individual clients.

■ The rule is clear in this state that, with the sole exception of small claims court, a corporation cannot act in propria persona in a California state court. (*Merco Constr. Engineers, Inc.* v. *Municipal Court* (1978) 21 Cal.3d 724 [147 Cal.Rptr. 631, 581 P.2d 636]; *Vann* v. *Shilleh* (1975) 54 Cal.App.3d 192, 199 [126 Cal.Rptr. 401].) The superior court relied on *Merco* and *Laskowitz* v. *Shellenberger* (S.D.Cal. 1952) 107 F.Supp. 397. In *Laskowitz* attorneys for a corporate defendant requested permission of the court to withdraw as counsel of record based on a signed consent by the corporation. The court declined its permission to withdraw on the ground a corporation may not practice self-representation in a court proceeding but must be represented in litigation by a licensed attorney. The court added that withdrawal is not the proper course and that a substitution of attorneys approved by the court is the method of changing representation. Neither federal district court procedures nor decisions are binding on this court. Furthermore, the *Laskowitz* conclusion as to proper procedure may work where the corporation wishes to relieve counsel, but where, as here, the corporation simply won't cooperate with counsel in any way, *Laskowitz* provides no viable solution.

*Merco*, however, is binding authority and we have no disagreement with it. There are two concepts, not one, which are here involved. The first is the principle supported by *Merco* that a corporation may not proceed in propria persona. The second is that an attorney, given proper grounds, may be permitted by the court to withdraw as attorney of record. (Code Civ. Proc., § 284.) These two concepts are not inconsistent in the case of a corporate client. An attorney may be allowed to withdraw without offending the rule against corporate self-representation.

The effect of withdrawal is to leave the corporation without representation and without the ability to practice self-representation. For the uncooperative corporate client who has not been willing to bring in new counsel, granting of the withdrawal motion will put extreme pressure on it to obtain new counsel of record for should it fail to do so it risks forfeiture of its rights through nonrepresentation.

As to case number 286975 the petition is moot due to compliance with the alternative writ. As to case number 286975 the alternative writ of mandate is discharged and the peremptory writ of mandate is denied.

As to case numbers 288459 and 289608, let a peremptory writ of mandate issue directing the superior court to grant petitioner's motions to be relieved as attorney of record for real party in interest.

Tamura, J., and Kaufman, J., concurred.