Opinion
OVERTON, J.
In California the rule is clear: with the sole exception of small claims court, a corporation cannot act in propria persona. (Ferruzzo v. Superior Court (1980) 104 Cal.App.3d 501, 503 [163 Cal.Rptr. 573].)
I
Here, following an award of $224.90 based upon findings and conclusions of the labor commissioner, plaintiff, through counsel, filed a timely notice of appeal to the proper court. No additional pleadings are required by either plaintiff (the employee) or defendant (employer) Camelot Resorts, Inc. In due course the cause was set for trial de novo in the municipal court; trial notice was filed; the matter was set for one-half day court trial on March 3, 1983.
The only defendant is the corporation, Camelot Resorts, Inc. Mr. Flour is not licensed to practice law.
On March 3, 1983, the case was called for trial; plaintiff was present with his attorney; defendant corporation was marked present by Mr. Flour— *Supp. 31 “pro. per.”; witnesses were sworn, testified, and examined by counsel for plaintiff, by Mr. Flour, and, by the court. Judgment after trial by court was entered March 15, 1983, in minute book No. 118, page 118. Among other things, the judgment recites; (1) the cause was tried on March 3, 1983; (2) plaintiff appeared by Attorney Eleanor Cohen Silvers; (3) defendant (corporation) appearing by George Flour, in pro. per.; (4) based upon the testimony and evidence, the judgment principal amount is $1,851.75.
II
Plaintiff, through counsel, proceeded as though the defendant corporation was appearing in propria persona. The court proceeded as though Mr. Flour was representing the corporation. Although Mr. Flour belatedly sought a continuance, he nevertheless participated as though representing the corporation.
In denying the motion to continue the trial once it had commenced, the trial court based its reasoning on the belief the amount involved was (or would be) barely over the small claims amount. The court encouraged Mr. Flour to proceed representing the corporation.
The case was heard as a trial by the municipal court. The trial court was not sitting as a small claims court.
Plaintiff’s counsel believed the cause was a contested trial and presented evidence as such. Mr. Flour thought it was a contested trial. The trial judge heard the case as a contested trial de novo. The matter was not tried as a default. (See Irvine National Bank v. Han (1982) 130 Cal.App.3d 693, 695 [181 Cal.Rptr. 864].)
Neither the defendant nor any other person at the trial was advised the case was being tried as a default. The judgment after trial does not indicate the case was tried as a default.
Ill
The Legislature may not permit a corporation to proceed (other than in small claims court) in propria persona. (Merco Constr. Engineers, Inc. v. Municipal Court (1978) 21 Cal.3d 724 [147 Cal.Rptr. 631, 581 P.2d 636].) It therefore follows the parties and court, through estoppel or otherwise, may not permit an unlicensed person to represent the corporation in a court proceeding.
When a corporation seeks to appear without the benefit of counsel in other than small claims cases, it is the duty of the trial court to advise the repre *Supp. 32 sentative of the corporation of the necessity to be represented by a licensed lawyer. If no such licensed representative is present, appearing for the corporation, the court may: (1) hear a motion for continuance; or (2) enter the corporation’s default for nonappearance at trial.
We conclude neither the parties nor the court can permit the corporation to appear and conduct a contested (other than small claims) trial in propria persona.
IV
The judgment is reversed; the cause is remanded to the Municipal Court, El Cajon Judicial District, with instructions to set the cause for trial in the ordinary course.
We do not reach the other issues raised by the parties in their briefs on appeal.
Neither party shall recover costs on appeal.
Todd, P. J., and Woodworth, J., concurred.