Filed 9/26/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| URS CORPORATION,<br><br> Plaintiff, Cross-defendant and Appellant;<br><br>AECOM,<br><br> Cross-defendant and Appellant,<br><br> v.<br><br>ATKINSON/WALSH JOINT VENTURE,<br><br> Defendant, Cross-complainant and Respondent. | G055271<br><br>(Super. Ct. No. 30-2017-00907526)<br><br>O P I N I O N |

Petition for writ of supersedeas on an appeal from a judgment of the Superior Court of Orange County, Frederick P. Horn, Judge. Petition granted in part and denied in part.

O'Melveny & Myers, Charles C. Lifland, Dawn Sestito, and Catalina J. Vergara for Plaintiff, Cross-defendants and Appellants.

Horvitz & Levy, Lisa Perrochet, Eric S. Boorstin; Hanson Bridgett and Scott E. Hennigh for Defendant, Cross-complainant and Respondent.

THE COURT:[*]

Does an appeal of an order disqualifying counsel result in an automatic stay pursuant to Code of Civil Procedure section 916?[1]  If so, how far does the automatic stay extend — solely to enforcement of the disqualification order or to all trial court proceedings?  Surprisingly, these precise questions have not yet been answered by California courts.

The trial court ruled that nothing was stayed by the appeal.  We conclude the appeal automatically stayed enforcement of the order disqualifying counsel, but not all trial court proceedings.  We therefore grant, in part, appellants' petition for writ of supersedeas.[2]

We decline to address appellants' request for a discretionary stay of all trial court proceedings pursuant to section 923.  Given our holding with regard to the automatic stay of the disqualification order, we deem it prudent for the parties to submit any remaining disputes to the trial court in the first instance.

PROCEDURAL HISTORY

This action commenced in March 2017.  The dispute is between a contractor (respondent) and subcontractor (appellants).  The parties sued each other for alleged damages arising out of a construction project on State Route 91.

On June 26, 2017, respondent filed a motion to disqualify Pepper Hamilton LLP and its individual attorneys (collectively, Pepper Hamilton) from representing

---

[*] Before Aronson, Acting P.J., Fybel, J., and Thompson, J.

[1] All statutory references shall be to the Code of Civil Procedure.

[2] Appellants are URS Corporation and AECOM.  Respondent is Atkinson/Walsh Joint Venture.

appellants in this action and to issue additional injunctive relief pertaining to confidential documents. Respondent claimed that Pepper Hamilton, appellants' litigation counsel, had improperly accessed documents made available by respondent solely for mediation sessions that preceded the commencement of the action.

Appellants opposed the motion, primarily asserting that Pepper Hamilton did not violate the parties' written confidentiality agreement by accessing the documents or subsequently filing a complaint on behalf of appellants while in possession of those documents.

On July 31, 2017, the court granted the motion. The court found "that Pepper Hamilton has obtained confidential and privileged documents that would likely be used advantageously against [respondent] during the course of litigation. Disqualification is therefore appropriate to eliminate the possibility that Pepper Hamilton would exploit the unfair advantage."

Appellants promptly filed notices of appeal. On August 3, 2017, the trial court denied appellants' ex parte application to stay proceedings pending the appeal, rejecting the assertion that the appeal automatically stayed proceedings.

On August 4, 2017, appellants filed a petition for writ of supersedeas, arguing: (1) their appeal of the disqualification order resulted in an automatic stay of all trial court proceedings; or (2) if there is no automatic stay, this court should exercise its discretionary power to stay all trial court proceedings. Respondent filed an initial opposition to the petition.

On August 10, 2017, we issued a temporary stay of all trial court proceedings and invited further briefing by the parties. The parties responded and this matter is now set for determination.

DISCUSSION

Among other contentions, the petition presents two pure questions of law: (1) is a party who appeals an order disqualifying an attorney statutorily entitled to an automatic stay; and (2) if so, does the automatic stay extend to all trial court proceedings? (§ 916, subd. (a).) We have chosen to focus solely on these two questions in this opinion and forego (for the time being) determining whether a discretionary stay of all trial court proceedings would be appropriate. (See § 923 ["reviewing court" has discretion "to make any order appropriate to preserve the status quo . . . or otherwise in aid of its jurisdiction"].)

Given the narrow issues under consideration, supersedeas is the proper remedy and our review is de novo. (*Quiles v. Parent* (2017) 10 Cal.App.5th 130, 136 (*Quiles*).) It is therefore unnecessary to describe the particular factual and procedural details that would be pertinent to discretionary relief under section 923, such as the merits of the disqualification motion and the specific harms to the parties of either granting or denying a discretionary stay. (*Quiles*, at p. 136.)

*A Step Back: Why are Attorney Disqualification Orders Appealable in the First Place?*

Asking whether this appeal automatically stays proceedings in the trial court presupposes that attorney disqualification orders are appealable. Of course, orders granting or denying attorney disqualification motions are immediately appealable in California state courts. (E.g., *Costello v. Buckley* (2016) 245 Cal.App.4th 748, 752; *Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1203; *Machado v. Superior Court* (2007) 148 Cal.App.4th 875, 882 (*Machado*).)

The basis for this rule is not obvious or inevitable. "A trial court's authority to disqualify an attorney derives from the power inherent in every court '[t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other

4

persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto.'" (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1145, quoting § 128, subd. (a)(5).) Section 904.1 does not explicitly mention attorney disqualification orders or section 128 orders among its list of appealable orders. Federal courts do not allow an immediate appeal of attorney disqualification orders. (See *Gregori v. Bank of America* (1989) 207 Cal.App.3d 291, 300, fn. 4.) California courts have expressed a preference for resolving attorney disqualification issues in writ proceedings, which "are determined more speedily than appeal." (*Reed v. Superior Court* (2001) 92 Cal.App.4th 448, 455 (*Reed*).)

Our Supreme Court, however, long ago held that an order denying a disqualification motion was appealable. (*Meehan v. Hopps* (1955) 45 Cal.2d 213, 214-218 (*Meehan*).) Subsequent cases applied *Meehan* consistently to a variety of orders granting and denying disqualification motions. It is worth examining the question of why attorney disqualification orders are appealable because the answer to this question bears on whether an automatic stay is a consequence of such an appeal. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455; *Loshonkohl v. Kinder* (2003) 109 Cal.App.4th 510, 517 ["As an intermediate appellate court we are bound by decisions of our Supreme Court and we must follow the reasoning found therein"].)

To be precise, *Meehan* was an appeal of an order denying a "motion to enjoin . . . counsel from further participation in the case and to restrain such counsel from disclosing certain confidential information pertaining thereto." (*Meehan*, *supra*, 45 Cal.2d at p. 214.) The Supreme Court denied a motion to dismiss the appeal on two grounds. (*Id*. at pp. 215-218.)

First, the order in *Meehan* was one refusing to grant an injunction. (*Meehan*, *supra*, 45 Cal.2d at pp. 215-216; see § 904.1, subd. (a)(6) [current version of statute making orders granting or denying injunctions immediately appealable].) *Meehan* acknowledged that trial courts have the power to disqualify counsel under inherent

section 128 powers, but explained "it is beyond question that [the moving party] specifically invoked the equity power of the court by his motion." (*Meehan*, at p. 215.) "Both the language of the motion and the order itself meet the test for an injunction laid down in . . . section 525, where an injunction is defined as ' . . . a writ or order requiring a person to refrain from a particular act.'" (*Meehan*, at p. 215.) Moreover, under established authority, the moving party could have filed a separate action for injunctive relief to disqualify counsel. (*Id*. at p. 216.) Hence, the order denied injunctive relief and was appealable. (*Id*. at pp. 215-216.)[3]

Second, the order appealed in *Meehan* was appealable because it was "a final order upon a collateral issue." (*Meehan*, *supra*, 45 Cal.2d at p. 216; see *In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368 [the immediate appealability of collateral orders is "a necessary exception to the one final judgment rule" because a final order on a collateral issue "is substantially the same as a final judgment in an independent proceeding"].) The disqualification order was "unquestionably collateral to the merits of the case." (*Meehan,* at pp. 216-217) Moreover, because it "left nothing further of a

_____

[3]       A close reading of *Meehan* suggests that not every order ruling on the issue of attorney disqualification is necessarily one granting or denying an injunction. Arguably, a party could avoid the scope of *Meehan*'s first holding (if not subsequent case law) by scrupulously avoiding the language of injunctive relief in a disqualification motion. (See *Truck Ins. Exchange v. Fireman's Fund Ins. Co.* (1992) 6 Cal.App.4th 1050, 1052-1053, fn. 1.) One might question whether it makes sense to determine the appealability of an order based on the label affixed to the motion. Regardless, in the case before us, respondent invoked the trial court's injunctive powers with regard to Pepper Hamilton's use of respondent's documents and the *Meehan* holding applies. The order disqualifying Pepper Hamilton is an order granting an injunction and therefore is appealable on that ground.

judicial nature for a final determination of [the parties'] rights regarding [the disqualification of] counsel, the order was final for purposes of appeal." (*Id.* at p. 217.)[4]

In sum, the order disqualifying Pepper Hamilton is appealable, both because it is an order granting an injunction and an order granting a final collateral order. The premises accepted by our Supreme Court in making this rule are important to the remainder of our analysis.

*The Text of the Relevant Statutes Suggest an Automatic Stay is Plausible.*

We begin our analysis of the questions presented with an examination of the relevant statutes. (See *Quiles*, *supra*, 10 Cal.App.5th at pp. 139-140.)

"Except as provided in Sections 917.1 to 917.9, inclusive, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." (§ 916, subd. (a).)

---

[4]    Concerning orders *denying* the disqualification of counsel, courts since *Meehan* have noted a doctrinal problem with this second rationale. (See, e.g., *Machado*, *supra*, 148 Cal.App.4th at pp. 882-883.) To be immediately appealable, "[i]t is not sufficient that the order determine finally for the purposes of further proceedings in the trial court some distinct issue in the case; it must direct the payment of money by appellant or the performance of an act by or against him." (*Sjoberg v. Hastorf* (1948) 33 Cal.2d 116, 119; see also *In re Marriage of Skelley*, *supra*, 18 Cal.3d at p. 368; *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 561-562.) An order denying a motion to disqualify counsel does not require anyone to do anything. However, the appeal in the instant case is from an order *granting* disqualification of counsel, which compels the party to hire a new attorney, "an act which satisfies the *Sjoberg* test." (*Machado*, at p. 882; but see *Truck Ins. Exchange v. Fireman's Fund Ins. Co.*, *supra*, 6 Cal.App.4th at pp. 1052-1053, fn. 1 [suggesting that even an order granting an attorney disqualification motion is not a true collateral order].)

Sections 917.1 to 917.8 do not apply to any appeal of an attorney disqualification order, and section 917.9 is (at the very least) inapplicable on the record presented. (See §§ 917.1 [money judgment], 917.15 [hazardous waste], 917.2 [assignment or delivery of personal property], 917.3 [execution of instruments], 917.4 [directing sale, conveyance, or delivery of real property], 917.5 [appointment of receiver], 917.6 [judgment directing two or more of the acts specified in §§ 917.1 through 917.5], 917.65 [right to attach order], 917.7 [custody of minor], 917.75 [Fam. Code attorney fees or costs], 917.8 [miscellaneous — usurping public office, corporate inspection, nuisance declaration], 917.9 [discretionary undertaking requirements].[5]

"The purpose of the automatic stay provision of section 916, subdivision (a) 'is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The [automatic stay] prevents the trial court from rendering an appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it.'" (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189 (*Varian*).)

Appellants perfected an appeal from the order disqualifying Pepper Hamilton. This was an appealable order. Broadly speaking, it appears an automatic stay in this case serves the purpose of section 916. Before wading into applicable case law, we observe that a straightforward reading of the language and purpose of section 916, subdivision (a), suggests: (1) "enforcement of the . . . [disqualification] order" is

---

[5] We need not decide whether section 917.9 applies to the appeal of an order granting an attorney disqualification motion. "The perfecting of an appeal shall not stay enforcement of the judgment or order in cases not provided for in Sections 917.1 to 917.8, inclusive, if the trial court, in its discretion, requires an undertaking and the undertaking is not given, in any of the following cases: [¶] . . . [¶] (2) Appellant is required to perform an act for respondent's benefit pursuant to the judgment or order under appeal." (§ 917.9, subd. (a).) It might be posited that an order disqualifying counsel is an order requiring appellants to perform an act for respondent, i.e., terminate the disqualified attorneys and hire new attorneys. But respondent did not move for a discretionary undertaking and the trial court therefore did not consider the matter.

8

potentially stayed pending appeal; and (2) there is an open question as to whether other trial court proceedings are "embraced therein" or "affected" by the attorney disqualification order.

*Appealing a Denial of an Attorney Disqualification Motion Automatically Stays Nothing.*

With that background, we turn to *Reed*, *supra*, 92 Cal.App.4th 448, which is the closest we have to a case on point. *Reed* held "an appeal from a pretrial order denying a motion to disqualify opposing counsel for a conflict of interest does *not, automatically,* stay all trial proceedings pursuant to . . . section 916, subdivision (a)." (*Reed*, at p. 450.) *Reed* did not purport to decide whether an appeal from an order granting a motion to disqualify counsel resulted in an automatic stay. (*Id*. at p. 453 ["question presented here is whether an appeal from an order denying a pretrial motion to disqualify counsel *automatically* stays all proceedings in the trial court"]; *id*. at pp. 453-454, fn. 3.) Nevertheless, its cogent analysis and application of *Meehan*, *supra*, 45 Cal.2d 213, provides helpful guidance.

*Reed* started with *Meehan*'s holding that "an order regarding disqualification of counsel is 'unquestionably collateral to the merits of the case'" and concluded there was no automatic stay. (*Reed*, *supra*, 92 Cal.App.4th at p. 453.) "Generally, an appeal of a 'collateral' order or judgment 'does not suspend trial court proceedings on the remaining components of the litigation . . . although, in an appropriate case, the appellate court can order such proceedings stayed by writ of supersedeas.' [Citation.] Accepting the premise that the appeal only involves a collateral matter, then by definition the trial is not 'embraced [in] or affected [by]' the order appealed from, within the meaning of section 916, subdivision (a)." (*Reed*, at p. 453.)

Next, *Reed* applied *Meehan*'s "alternative holding that an order denying disqualification of counsel is an order denying an injunction" and again concluded the appeal did "not automatically stay the trial proceedings." (*Reed*, *supra*, 92 Cal.App.4th at

9

p. 453.)  "Generally, the appeal of an order denying a preliminary injunction does not automatically stay the trial.  [Citations.]  The rationale is that a preliminary injunction is a provisional remedy 'distinct from the main action.'  [Citation.]  This is consistent with *Meehan*'s description that an appeal from an order denying disqualification involves a 'collateral' matter."  (*Reed*, at pp. 453-454.)

Thus, under *Reed*, regardless of whether one or both of *Meehan*'s holdings are applied, there is no automatic stay of trial court proceedings when a party appeals the denial of an attorney disqualification motion.[6]  This is a good policy outcome.  Disqualification motions are often "insubstantial or even frivolous."  (*Reed*, *supra*, 92 Cal.App.4th at p. 456.)  An automatic stay following an appeal of every order denying disqualification of an attorney would create the potential for abuse by short circuiting trial court proceedings.  (*Id*. at p. 456; cf. § 425.16, subd. (i).)

*Reed* offered some comfort to losing parties appealing the denial of a disqualification motion — they can seek relief from the trial court or appellate court to stay proceedings "to maintain the status quo pending the appeal."  (*Reed*, *supra*, 92 Cal.App.4th at p. 454.)  But the outcome of such a motion or petition is firmly within judicial discretion, not an entitlement under section 916, subdivision (a).  (*Reed*, at pp. 454-455.)  *Reed* forthrightly acknowledged the tradeoff inherent to this rule.  "Error is possible of course; the reviewing court might deny a writ of supersedeas, believing the claim of conflict of interest lacks merit, only to discover later in deciding the appeal that counsel should have been disqualified.  The benefit of preventing such rare mistakes by automatically staying all trials . . . is outweighed by the danger of encouraging pretrial

---

[6]     Unlike a situation in which the motion is granted, there is no possibility of staying only enforcement of the order denying the disqualification motion.  There is nothing to stay because such an order does not require anything of anyone.

10

disqualification motions and appeals as trial strategy to simply delay the trial of meritorious cases." (*Id*. at p. 456.)

*Does an Automatic Stay Arise From an Appeal of an Order Granting Disqualification?*

We now turn to the primary issue presented. No case has decided whether an appeal of an order granting an attorney disqualification motion automatically stays enforcement of the order.[7]

A straightforward application of the text of section 916, subdivision (a), suggests that enforcement of an order disqualifying counsel is automatically stayed by an appeal, particularly when analyzed narrowly under the collateral order rubric. An appealable collateral order is — in essence — a final judgment, wholly distinct from the ongoing case from which it arose. (*In re Marriage of Skelly*, *supra*, 18 Cal.3d at p. 368.) As such, it should be subjected to the ordinary rules set forth in section 916 et seq. There is no exception in the relevant statutes to prevent the attorney disqualification order from being automatically stayed. No bond was required to be posted.

Of course, the attorney disqualification order is *also* appealable as an injunction. The two holdings of *Meehan*, *supra*, 45 Cal.2d 213, are harmonized by characterizing attorney disqualification orders as collateral *injunctive* orders. This complicates matters, as an order granting an injunction is not susceptible to a facile application of the language of section 916.

---

[7] The parties each cite cases in which the procedural history indicates their preferred outcome, but none of these cases actually analyzed the issue and reached a holding. (See, e.g., *Coldren v. Hart, King & Coldren, Inc.* (2015) 239 Cal.App.4th 237, 244; *Great Lakes Construction, Inc. v. Burman* (2010) 186 Cal.App.4th 1347, 1353-1354.) We pay no heed to these cases. (See *Santisas v. Goodin* (1998) 17 Cal.4th 599, 620 ["An appellate decision is not authority for everything said in the court's opinion but only 'for the points actually involved and actually decided'"].) Respondent's request that we take judicial notice of records from the *Coldren* appeal is denied.

11

Section 525 defines an injunction as "a writ or order requiring a person to *refrain from* a particular act." (Italics added.) Despite this restrictive definition, courts may compel parties to either: (1) "refrain from a particular act" — a prohibitory injunction — or; (2) perform an "affirmative act" — a mandatory injunction. (*Davenport v. Blue Cross of California* (1997) 52 Cal.App.4th 435, 446.) For instance, in an action to establish an easement, a preliminary injunction ordering a party to remove an existing fence that blocks the easement is a mandatory injunction; restraining the party from parking or storing vehicles along the easement is a prohibitory injunction. (*Kettenhofen v. Superior Court* (1961) 55 Cal.2d 189, 190-191.)

"An appeal stays a mandatory but not a prohibitory injunction. This rule is clear, but whether a decree is one or the other may be difficult to determine in some situations since an order entirely negative or prohibitory in form may prove upon analysis to be mandatory and affirmative in essence and effect." (*Kettenhofen v. Superior Court*, *supra*, 55 Cal.2d at p. 191.) Courts are not "bound by the form of the [injunction] order but will look to its substance to determine its real nature." (*Feinberg v. One Doe Co.* (1939) 14 Cal.2d 24, 28.) This inquiry "does not depend on semantic characterizations." (*Union Pacific R.R. Co. v. State Bd. of Equalization* (1989) 49 Cal.3d 138, 158.)

Courts distinguish between mandatory and prohibitory injunctions to preserve the status quo pending appeals. (*Paramount Pictures Corp. v. Davis* (1964) 228 Cal.App.2d 827, 835.) "An order enjoining action by a party is prohibitory in nature if its effect is to leave the parties in the same position as they were prior to the entry of the judgment. On the other hand, it is mandatory in effect if its enforcement would be to change the position of the parties and compel them to act in accordance with the judgment rendered." (*Musicians Club of L. A. v. Superior Court* (1958) 165 Cal.App.2d 67, 71.)

The challenged order in this case is generic. "The motion . . . for an order disqualifying [Pepper Hamilton] from this litigation . . . is granted." As noted above,

12

however, the form of the order is not the true issue. It would have only served as a distraction had the court phrased its order in mandatory or prohibitive language. The legal issue presented is whether an order disqualifying an attorney from ongoing participation in civil litigation is a mandatory injunction (requiring affirmative action that changes the status quo) or a prohibitory injunction (restraining parties and attorneys from taking particular actions, consistent with the status quo). Reasonable arguments can be mustered for either conclusion, and the answer depends largely on how one defines the "status quo."

Appellants contend the order is a mandatory injunction. Prior to the disqualification motion, Pepper Hamilton represented appellants as litigation counsel in this case. Pepper Hamilton filed pleadings and otherwise pursued appellants' interests. The effect of the challenged order is to: (1) force appellants to terminate Pepper Hamilton as litigation counsel (or, put another way, force Pepper Hamilton to withdraw from the representation); and (2) force appellants to retain a different firm to represent appellants in this litigation.[8] The order changed the status quo that existed prior to the filing of the disqualification motion. (See *Feinberg v. One Doe Co.*, *supra*, 14 Cal.2d at pp. 26-27 [though phrased as a restraint, the order required employer to fire employee and was therefore mandatory]; *Agricultural Labor Relations Bd. v. Superior Court* (1983) 149 Cal.App.3d 709, 713 [injunction ordering employer to terminate workers hired during strike and rehire strikers was mandatory and therefore stayed by appeal].)

Respondent counters that the order is a prohibitory injunction. From respondent's perspective, the order does not compel anyone to affirmatively do anything. Pepper Hamilton must refrain from further participation in this litigation. Appellants

---

[8] This second point is particularly true of corporate parties, which cannot represent themselves in court. (*Ferruzzo v. Superior Court* (1980) 104 Cal.App.3d 501, 503.) However, practically speaking, a disqualification order requires a party to hire new counsel regardless of whether the party is an entity or individual.

must refrain from further reliance on Pepper Hamilton in this litigation.  That is the full extent of the implied terms of the order.  Secondly, even if the order is construed to require some affirmative conduct, the affirmative acts required "are merely incidental to [the order's] purpose of prohibiting [appellants and Pepper Hamilton] from continuing to engage in" unethical conduct.  (*People ex rel. Brown v. iMergent, Inc.* (2009) 170 Cal.App.4th 333, 343 [holding that preliminary injunction was prohibitory even though it ordered a party to stop engaging in "illegal conduct" that it had resumed before the filing of the motion but had previously agreed to cease in a settlement with government officials].)  Respondent places the pertinent status quo not at the moment before the disqualification order was entered, but at the moment before this lawsuit was filed by appellants.  According to respondent, that was "'the last actual peaceable, uncontested status which preceded the pending controversy.'"  (*United Railroads of San Francisco v. Superior Court* (1916) 172 Cal. 80, 87; *id*. at pp. 87-90 [injunction prohibiting unauthorized entries on property was not mandatory; a party cannot unilaterally create a status quo for purposes of the prohibitory/mandatory dichotomy by its improper conduct].)  "There is no magic in the phrase 'maintaining the status quo' which transforms an injunction essentially prohibitive into an injunction essentially mandatory." (*Id*. at p. 87.)

While acknowledging the difficulty of this issue, we conclude that appellants accurately identify the pertinent "status quo."  An order disqualifying an attorney from continuing to represent a party in ongoing litigation is a mandatory injunction because it requires affirmative acts that upset the status quo at the time the disqualification motion was filed.

Recall the framework for granting disqualification of counsel.  A lawyer's representation of a party in civil litigation is not inherently problematic or blameworthy.  The baseline assumption in every civil action is that parties are free to choose an attorney to represent them and attorneys are free to choose whether to represent the party.  (See

14

*William H. Raley Co. v. Superior Court* (1983) 149 Cal.App.3d 1042, 1048 [factors weighing against disqualification of attorneys include "party's right to counsel of choice, an attorney's interest in representing a client, the financial burden on a client of replacing disqualified counsel and any tactical abuse underlying a disqualification proceeding"].) This state of affairs is occasionally upset when, in the considered judgment of trial courts, the evidentiary record shows an ethical breach or other attorney misconduct that requires the disqualification of the attorney to ensure the fairness of judicial proceedings. (*Gregori v. Bank of America*, *supra*, 207 Cal.App.3d at p. 309.) But severing the tie between client and attorney cannot be classified as routine or a return to the normal state of affairs.

Moreover, the consequence of staying enforcement of an order disqualifying an attorney is to avoid, in all likelihood, mooting the appeal. (See *Varian*, *supra*, 35 Cal.4th at p. 189.) If the order is not stayed, appellants will need to move on without Pepper Hamilton and hire replacement counsel. Even if the disqualification order is ultimately reversed, appellants will have already suffered the financial burden of replacing counsel in the middle of a case. Appellants may even decide that the appeal is not worth pursuing because it will not make sense to reinsert Pepper Hamilton into the proceedings even if the order is reversed. The lack of a stay is not merely a short term inconvenience for disqualified attorneys and their clients. It (probably) sounds the death knell of the representation in the matter at hand, and it (potentially) will affect the attorney-client relationship more broadly.[9]

---

[9] Of course, even if there were no automatic stay of the disqualification order, appellants could always request a discretionary stay. (See *Reed*, *supra*, 92 Cal.App.4th at pp. 454-456.) But the availability of a discretionary stay does not logically affect the analysis of whether an order disqualifying counsel is automatically stayed by section 916, subdivision (a).

15

Thus, we hold that an appeal of an order disqualifying an attorney automatically stays enforcement of the order.  Our holding has the incidental (but valuable) benefit of creating a bright line rule.  (See *Quiles*, *supra*, 10 Cal.App.5th at pp. 142-148.)  Parties and trial courts now will be on notice that an order disqualifying an attorney is automatically stayed by an appeal.  There will be no need for complicated and time-sensitive fights in the trial court or appellate court as to whether a discretionary stay should issue with regard to the disqualification order.  And, as discussed in further detail below, there will be less incentive to fight over a discretionary stay as to the remainder of trial court proceedings.[10]

Finally, we posit that automatically staying orders disqualifying counsel will not lead to abusive results.  Motions to disqualify attorneys are often filed for tactical reasons.  This observation was offered as support for *Reed*'s holding that appeals of orders denying disqualification motions should not stay trial court proceedings.  (*Reed*, *supra*, 92 Cal.App.4th at p. 456 [contrary rule would encourage "pretrial disqualification motions and appeals as trial strategy to simply delay the trial of meritorious cases"].)  But the converse is not true.  Attorneys are not intentionally baiting opposing parties into filing disqualification motions.  Attorneys are not intentionally losing these motions and appealing to obtain a stay of trial court proceedings.  In our experience, appeals (or writ petitions) challenging orders *granting* attorney disqualification are not being filed for purposes of delay.  They are filed because there are fundamental disagreements about whether the disqualified attorneys have engaged in conduct that requires their

---

[10]     Conceivably, our holding could encourage parties to file appeals rather than writ petitions when faced with an order disqualifying counsel.  Writ petitions are almost always a better vehicle for resolving challenges to attorney disqualification orders.  This consequence, for good or ill, flows primarily from the rule making attorney disqualification orders appealable.  If writ petitions are a better mechanism for resolving attorney disqualification issues, our Legislature or Supreme Court can abrogate or overrule *Meehan*, *supra*, 45 Cal.2d 213.

16

disqualification. (See, e.g., *McDermott Will & Emery LLP v. Superior Court* (2017) 10 Cal.App.5th 1083.) There is little incentive to appeal (and thereby draw attention to alleged ethical lapses) when disqualification is obviously necessary under the facts of the case.

*Does the Automatic Stay Extend to All Trial Court Proceedings?*

There still remains the secondary question of whether *all* trial court proceedings are stayed. (§ 916, subd. (a) [automatic stay applies not only to enforcement of challenged order, but to "matters embraced therein or affected thereby"].) "In determining whether a proceeding is embraced in or affected by the appeal, we must consider the appeal and its possible outcomes in relation to the proceeding and its possible results." (*Varian*, *supra*, 35 Cal.4th at p. 189.) Trial court proceedings must be stayed if they would conflict with the appellate court's jurisdiction over the appeal. (*Id.* at pp. 189-190.)

Though decided in different contexts, the case law already discussed in this opinion convincingly demonstrates that an automatic stay of a disqualification order does not extend to *all* trial court proceedings in the typical case. In *Meehan*, our Supreme Court held that the attorney disqualification order before it was collateral to trial proceedings on the merits. (*Meehan*, *supra*, 45 Cal.2d at pp. 216-217.) "It requires no argument to demonstrate that the question of disqualification of counsel bears no relation to the main issue in the present case." (*Id.* at p. 217.) In *Reed*, the court applied *Meehan*'s holding: "Accepting the premise that the appeal only involves a collateral matter, then by definition the trial is not 'embraced [in] or affected [by]' the order appealed from, within the meaning of section 916, subdivision (a)." (*Reed*, *supra*, 92 Cal.App.4th at p. 453.)

The disqualification order in this case is likewise collateral to the parties' dispute. Fundamentally, this is a lawsuit arising out of a construction project, not one

17

concerning the lawyers' use of confidential documents. Proceedings directed toward resolving the construction dispute will not interfere with this court's determination of the attorney disqualification issue. (*Varian*, *supra*, 35 Cal.4th at p. 190.) Nor would possible outcomes of the trial court proceedings (e.g., provisional remedies, judgment for either side) be irreconcilable with either an affirmance or reversal of the attorney disqualification order. (*Id*. at p. 190.) And the resolution of this appeal will not avoid the need for further trial court proceedings. (*Ibid*.) Trial court proceedings to adjudicate the construction dispute will occur "regardless of the outcome of the appeal." (*Id*. at p. 191.) Thus, for much the same reason that the attorney disqualification order is appealable as a collateral order, ongoing litigation directed toward the resolution of the parties' respective pleadings is not automatically stayed by this appeal.

Although *all* trial court proceedings are not subject to the automatic stay, there are *some* potential issues embraced in or affected by the appeal from the disqualification order that could be subject to the automatic stay. (See § 916, subd. (a).) The trial court disqualified Pepper Hamilton based on its possession and potential use of certain privileged and/or confidential documents. Further trial court proceedings concerning the protected nature of the documents or their permissible use could affect our determination of the disqualification issue, and may be subject to the automatic stay. The parties, however, have not identified any such trial court proceedings, and we therefore lack the factual record necessary to define the parameters of the automatic stay.[11] We

_____

[11] It appears the parties do not contemplate any further trial court proceedings concerning the proper handling and use of these documents. At the hearing on the disqualification motion, the trial court orally ordered the pertinent documents to be destroyed. Appellants agreed at the hearing to comply with that oral order. Appellants represented in documents filed with this court that they in fact have destroyed the pertinent documents. The only remaining issue regarding the documents appears to be whether appellants sufficiently destroyed the documents, a question already submitted to this court by way of respondent's motion to dismiss the appeal pursuant to the disentitlement doctrine. By order of September 21, 2017, we indicated that this motion will be decided in conjunction with the decision on appeal.

simply note the automatic stay's scope in the disqualification context depends on the facts of the particular case.

The parties both raise practical objections to a rule automatically staying enforcement of the attorney disqualification order but not all trial court proceedings pending appeal. As discussed below, those practical objections can be dealt with flexibly in the context of motions or petitions for a discretionary stay of remaining proceedings.

*Appellants' Request for a Discretionary Stay of All Proceedings.*

Appellants also request, in the alternative, a discretionary stay of all trial court proceedings pending resolution of this appeal. (§ 923; *Reed*, *supra*, 92 Cal.App.4th at pp. 454-457.) Appellants claim there is merit to their appeal and that they will be irreparably harmed if they are required to litigate this case without Pepper Hamilton. Respondent opposes the discretionary stay, citing the lack of merit to the appeal, the delay in resolving the lawsuit inherent to a stay of all proceedings, and the purported lack of harm to appellants (who can simply choose between other law firms that already represent appellants).

In the interests of judicial economy, we decline at this time to rule on appellants' request for a discretionary stay. It is premature for this court to conduct a preliminary review of the merits of this appeal to see if there is a "'substantial question'" (see *Veyna v. Orange County Nursery, Inc.* (2009) 170 Cal.App.4th 146, 157), as well as to weigh the harm to the respective parties of staying all proceedings. The irreparable harm calculus for both parties significantly changes in a world in which enforcement of the attorney disqualification order is automatically stayed.

The order disqualifying Pepper Hamilton cannot be enforced pending this appeal, eliminating appellants' primary argument for irreparable harm. But appellants may be leery of continuing to litigate the case with Pepper Hamilton because an affirmance of the disqualification order will mean they need to switch counsel at a later

19

point in the litigation. And Pepper Hamilton may be reluctant to appear in further proceedings pending this appeal without the express consent of respondent, given the fact that respondent is accusing Pepper Hamilton of unethical conduct.

Though they do not acknowledge it in their briefs here (which were premised on the argument that no stay should issue), respondent now appears to have an interest in staying some or all trial court proceedings. The basis of the disqualification motion was that allowing Pepper Hamilton to continue to participate in the litigation would be unfair and prejudicial to respondent. Respondent must now reevaluate and balance whether it is more important to proceed with some or all trial court proceedings, or to exclude Pepper Hamilton from any further involvement pending resolution of the appeal.

The best outcome in this case (and future similarly situated cases) will be for the parties to stipulate to the terms of a stay of trial court proceedings. Trial courts will undoubtedly be receptive if cooperation proves feasible. Parties in these cases may agree that all or some proceedings should be stayed pending appeal, depending on the particular exigencies of the litigation. For instance, it may be particularly important to depose certain witnesses immediately; a blunt stay of all proceedings by this court would foreclose the parties and trial court from considering such a carve out.

Should the parties not come to an agreement, they may file a noticed motion for a stay of trial court proceedings (in whole or in part) in the trial court. (See *Veyna v. Orange County Nursery, Inc.*, *supra*, 170 Cal.App.4th at p. 157.) Once in possession of a trial court ruling, a dissatisfied party may seek supersedeas or other extraordinary relief from this court.

## DISPOSITION

Let a writ of supersedeas issue staying enforcement of the order disqualifying counsel for appellants, Pepper Hamilton. Pepper Hamilton may continue to represent appellants in this matter pending the resolution of this appeal. The petition for writ of supersedeas is denied to the extent it requests a discretionary stay of all trial court proceedings. The partial denial of the petition is without prejudice to further proceedings in the trial court or in this court as discussed in this opinion.

The temporary stay imposed by this court on August 10, 2017 is modified to stay only enforcement of the disqualification order. The temporary stay is dissolved with regard to its stay of all trial court proceedings. As modified, the temporary stay shall remain in place pending finality of this opinion. Respondent's request for judicial notice, filed on August 17, 2017, is denied.