Filed 8/28/24  L.A. Dong San Church Corp. v. Moon CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| LOS ANGELES DONG SAN CHURCH CORPORATION,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DANA MOON et al.,<br><br>    Defendants and Respondents. | B325926<br><br>(Los Angeles County Super. Ct. No. 21STCV36918) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara Ann Meiers, Judge.  Affirmed.

Henry M. Lee for Plaintiff and Appellant.

Law Offices of Jason W. Shim and Jason W. Shim for Defendants and Respondents.

Los Angeles Dong San Church Corporation (LADSC) appeals from a judgment entered after the trial court sustained a demurrer without leave to amend in favor of defendants and respondents Dana M. Dorsett also known as Dana Moon; Jeffrey Dorsett; Mark Hu; and Moon & Dorsett, PC (respondents) on LADSC's claims against respondents for breach of fiduciary duty; legal malpractice; and conversion. We affirm.

## BACKGROUND—THE FACTION CONTROL CASE

Respondents are former attorneys for Young Chun Park (Pastor Park), Mee Young Koba, and Eric Soo Chul Kang. Respondents represented Pastor Park, Koba and Kang (sometimes referred to as the withdrawing faction) in a prior lawsuit (the faction control case) in which the withdrawing faction purported to represent LADSC and further purported to withdraw LADSC from the Korean Methodist Church (KMC) and the Korean Methodist Church of the Americas (KMCA).[1]

The initial March 2017 complaint in the faction control case was filed by LADSC against Pastor Park, alleging causes of action for declaratory relief, breach of fiduciary duty, accounting,

---

[1] "KMC is a hierarchical religious organization formed in the late 1800's but formally established as an entity in 1930. KMC has grown over the years to have 6,000 local member churches globally. The organization of KMC is based on the Wesleyan faith.

"The global organization is divided into geographical regions. KMCA represents one of the geographical regions. It covers the North American territories, part of Mexico, and part of Canada." (*Los Angeles Dong San Church Corp. v. Park* (July 15, 2020, B292605, B294232) [nonpub. opn.].)

and quiet title.[2]  In June 2017, KMC, KMCA, and LADSC filed the second amended complaint, naming as defendants Pastor Park and then-officers Koba and Kang.  The second amended complaint also named LADSC as a defendant.  The second amended complaint sought to void the defendants' withdrawal from KMC and KMCA and affirm KMC and KMCA's control of LADSC.  At the time, LADSC's current counsel, Henry Lee, represented the plaintiffs, and Karen Jung represented the defendants.

On December 14, 2017, the trial court granted a preliminary injunction in favor of plaintiffs KMC, KMCA and LADSC ousting the withdrawing faction from the premises of LADSC and charging KMC, KMCA and LADSC with the duty to conduct the affairs of the church until further order of the court.

In December 2017, the withdrawing faction moved for summary adjudication to quiet title in favor of LADSC.

In January 2018, respondents substituted in as counsel for the withdrawing faction.  This was approximately a month after the withdrawing faction had already lost control of and access to

---

[2]      Documents from the faction control case, including the trial court judgment and this court's final opinion in the appeal from the judgment (*Los Angeles Dong San Church Corp. v. Park, supra*, B292605, B294232), are part of the record in this matter. We have granted appellant's request for judicial notice of the first amended complaint and jury verdict in the faction control case. While review of the sustaining of a demurrer is generally limited to the confines of the complaint, we may consider matters subject to judicial notice.  (*Kanter v. Reed* (2023) 92 Cal.App.5th 191, 203.)  On our own motion, we take judicial notice of the record on appeal and our opinion in the faction control case.

LADSC premises and properties by virtue of the December 2017 preliminary injunction.

Following briefing, on April 25, 2018, the trial court granted the withdrawing faction's motion for summary adjudication, quieting title in favor of LADSC.

The remaining claims were bifurcated. A bench trial took place on the remaining equitable claims in July 2018. In September 2018, the trial court issued a judgment. The judgment quieted title to the church properties in LADSC. It declared that the relationship that existed among the three church entities prior to Pastor Park's tenure at LADSC was not affected by the purported withdrawal of Pastor Park and the withdrawing faction. Management rights of the property of LADSC was to be shared by LADSC, KMC and KMCA as set forth in their governing documents. The withdrawing faction was ordered to return to LADSC any church property in their possession.

The withdrawing faction filed an appeal from the judgment in September 2018. Respondents in this matter continued to represent the withdrawing faction in their appeal from the September 2018 judgment.

In an order issued after a status conference in January 2019, the trial court ordered, "the Moon/Dorsett firm cannot continue to represent, or more accurately purport to represent [LADSC] in this court."

On March 28, 2019, respondents substituted out of the faction control case, and Attorney Brad Lee substituted in to represent the withdrawing faction.

A jury trial took place on the remaining cause of action for breach of fiduciary duty in October 2019, with Attorney Brad Lee

representing the withdrawing faction.  A judgment was entered in favor of LADSC, KMC and KMCA on November 8, 2019.

This court affirmed the judgment in favor of LADSC, KMC and KMCA and issued a remittitur on October 9, 2020.

## PROCEDURAL HISTORY

On October 6, 2021, LADSC filed its initial complaint in this matter against respondents.  The complaint alleged two causes of action, breach of fiduciary duty and legal malpractice.[3]

On August 12, 2022, LADSC filed its first amended complaint (FAC), naming the same parties and alleging three causes of action: breach of fiduciary duty, legal malpractice, and conversion.

In the first cause of action for breach of fiduciary duty, LADSC alleged that because respondents were purporting to represent LADSC in the faction control case, they owed LADSC a fiduciary duty, and breached such duty by falling below the standards of conduct set forth in various Rules of Professional Conduct.  The second cause of action for legal malpractice contained similar allegations, asserting that respondents fell below the applicable standards of care, resulting in prejudice to LADSC.  In the third cause of action for conversion, LADSC alleged that respondents converted, or aided, abetted and conspired with Pastor Park and the withdrawing faction to convert and exercise unlawful dominion over certain personal property, which belonged to LADSC.

On October 12, 2022, respondents filed a demurrer, arguing that the causes of action alleged in the complaint did not state

---

[3]    Respondents assert that LADSC's complaint was identical in all material respects to an earlier complaint filed against Jung.

facts sufficient to constitute causes of action, were barred by the applicable statutes of limitation, and were uncertain.  LADSC opposed the demurrer.

On November 14, 2022, the trial court held a hearing on the demurrer.  On November 16, 2022, after taking the matter under submission, the court issued a ruling sustaining respondents' demurrer as to every cause of action without leave to amend.  The court noted that LADSC was "seeking to recover for things which were before the court and the jury in the underlying case of L.A. Dongsan Church v. Young Chun Park, et el., BC654597 . . . with those same damages and issues as were addressed then now forming the keystone for the plaintiff's current lawsuit."  The court noted that LADSC was now attempting "to go even further . . . in its attempt now to sue the attorneys who dared to represent the [withdrawing faction] even though what is being relied upon appears to have been asserted with either a lack of knowledge of or an indifference to important principles of law or even of public policy that require a dismissal of this action."

The court cited Civil Code section 47, subdivision (b) as providing litigation privilege to respondents for acting as the withdrawing faction's attorneys in the prior matter.  The court also made reference to Code of Civil Procedure section 425.16 (anti-SLAPP statute) as prohibiting lawsuits against attorneys for their representation of clients in litigation.  The court noted that, "As a matter of law, there was no breach of fiduciary duty, there was no legal malpractice and there was no conversion not already addressed and compensated in the earlier lawsuit between these parties and no basis for any damages shown herein."

6

On December 19, 2022, LADSC filed its appeal from the judgment of dismissal entered after the order sustaining the demurrer.

## DISCUSSION

### I. Applicable law and standard of review

"The function of a demurrer is to test the sufficiency of the complaint by raising questions of law." (*Aragon-Haas v. Family Security Ins. Services, Inc.* (1991) 231 Cal.App.3d 232, 238.) "When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) ""We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law."" (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.) "[W]e give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Ibid.*) "'As a reviewing court we are not bound by the construction placed by the trial court on the pleadings but must make our own independent judgment thereon, even as to matters not expressly ruled upon by the trial court.'" (*Aragon-Haas, supra*, at p. 239.)

When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Blank v. Kirwan, supra*, 39 Cal.3d at p. 318.) "The burden of proving such reasonable possibility is squarely on the plaintiff." (*Ibid.*)

It is a "fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the

7

record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)

## II.     First cause of action—breach of fiduciary duty

The elements of a claim for breach of fiduciary duty are "'(1) the existence of a fiduciary relationship, (2) its breach, and (3) damage proximately caused by that breach.'" (*O'Neal v. Stanislaus County Employees' Retirement Assn.* (2017) 8 Cal.App.5th 1184, 1215.) LADSC cannot meet the elements of this cause of action because it has not sufficiently alleged the first element.

The FAC alleges that in the faction control case, LADSC was a named plaintiff and "named Defendant." LADSC "filed the action to obtain immediate relief, including declaratory relief and quiet title, to purge itself of a rogue board of directors who sought to overturn and change the entire 24+ year organization of [LADSC]." The rogue board included the withdrawing faction. LADSC named as defendants the withdrawing faction as well as LADSC and alleged claims of "quiet title, declaratory relief and breach of fiduciary duty," and sought a "declaration of the true board of [LADSC], ownership of [LADSC] assets," as well as membership in KMC. When respondents substituted into the action in January 2018, "the substitution was signed by a member of the rogue, unauthorized board . . . . Therefore, [respondents were] never authorized at any time to act as attorneys of record for [LADSC]."

Because respondents were never authorized to represent LADSC by a legitimate member of LADSC's board, respondents

8

never had a fiduciary relationship with LADSC.[4]  Thus, LADSC has not made allegations sufficient to meet the first element of its cause of action for breach of fiduciary duty against respondents, and the cause of action fails as a matter of law.

## III.  Second cause of action—legal malpractice

The elements of a cause of action for legal malpractice are "(1) the attorney-client relationship or other basis for duty; (2) a negligent act or omission; (3) causation; and (4) damages." (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 863.)

LADSC's allegations for legal malpractice suffer from the same omissions as its allegations for breach of fiduciary duty. LADSC never authorized respondents to represent LADSC, therefore there was no attorney-client relationship between the two.  The substitution of attorney which purported to begin respondents' representation of the rogue LADSC was authorized by Pastor Park who had already been ordered, via injunction, to cease acting for LADSC.  The substitution of attorney did not create an attorney-client relationship between respondents and LADSC.  Respondents held themselves out to represent the withdrawing faction of LADSC, which was ultimately determined not to be legitimate.  Under the circumstances, there was no attorney-client relationship between respondents and LADSC, and LADSC cannot maintain an action for legal malpractice against respondents.

LADSC complains that despite the order in the trial court prohibiting respondents from representing LADSC in that court,

---

[4]     Attorneys owe no duty of care to adversaries in litigation; therefore respondents owed no duty of care to the legitimate LADSC.  (*Acacia Patent Acquisition, LLC v. Superior Court* (2015) 234 Cal.App.4th 1091, 1107.)

respondents continued to purport to represent LADSC on appeal after the withdrawing faction appealed from the trial court judgment.

Respondents did not violate the trial court's order prohibiting respondents from representing LADSC. The trial court's order specified, "the Moon/ Dorsett firm cannot continue to represent, or more accurately purport to represent [LADSC] in *this* court." (Italics added.) The trial court limited its order to that specific court. It did not prohibit respondents from representing LADSC in any other court. Therefore, respondents were not prohibited from representing the withdrawing faction, and the illegitimate church the withdrawing faction purported to represent, in the appeal from the trial court judgment.[5]

## IV.  Third cause of action—conversion

LADSC's third cause of action for conversion alleges that respondents "converted, or aided, abetted and conspired with [the withdrawing faction] to convert and exercise unlawful dominion over the following personal property which at all times belonged

---

[5]  We note that "an appeal of an order disqualifying an attorney automatically stays enforcement of the order." (*URS Corp. v. Atkinson/Walsh Joint Venture* (2017) 15 Cal.App.5th 872, 887.) While respondents did not directly appeal from the trial court order prohibiting them from representing the illegitimate church in the trial court, the withdrawing faction's appeal from the trial court judgment contained an argument that respondents were, in fact, representing the legitimate LADSC. Had the trial court judgment been reversed by this court, the order disqualifying respondents from representing LADSC would have also had to have been reversed. Thus, respondents were not prohibited from purporting to represent LADSC on appeal. The entity they represented was the withdrawing faction of LADSC, not the legitimate church.

to the Church: computers and laptops, computer financial files and folder, financial records including bank statements, accounting ledgers, financial statements, accounts receivable and payable, offerings and tithes, copies of checks reflecting payments to [respondents] and payments on behalf of [the withdrawing faction], all Clients files from the [faction control case], trust account records, communications with [the withdrawing faction]." LADSC also asserts that respondents "have converted monies in a sum to be determined at the time of trial but estimated at $439,500 for the monies which were converted from Church accounts and transferred by unauthorized means to [respondents]."

The elements of a cause of action for conversion are: "'(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages.'" (*Hernandez v. Lopez* (2009) 180 Cal.App.4th 932, 939.)

At the same time as it makes these allegations, LADSC's FAC admits that at the time respondents substituted in as attorneys in the faction control case, the court had already prohibited the withdrawing faction "from in any way acting for, on behalf of or even purporting to act with any authority for the Church," as well as being ordered "to transfer possession and control of Church premises to [LADSC]." Thus, at the time respondents began representing the withdrawing faction, the withdrawing faction had no authority to exercise dominion over any aspect of church property.

Further, the judgment in the faction control case quieted title in LADSC's properties in LADSC and ordered the withdrawing faction to return to LADSC any church property in their possession. To the extent that the withdrawing faction has

11

not complied with this order, LADSC's sole remedy is to bring an action in the trial court for contempt.[6]  The return of property to LADSC has been fully litigated in the faction control case and is now res judicata.  LADSC may not raise the issue again in the instant action.[7]

## V.     Leave to amend

We review the trial court's denial of leave to amend for abuse of discretion.  (*Blank v. Kirwan, supra*, 39 Cal.3d at p. 318.)  The burden of proving a reasonable possibility that the deficiencies of the complaint may be cured by amendment is squarely on the plaintiff.  (*Ibid.*)  LADSC has failed to meet this

---

[6]     The elements of contempt include "'(1) a valid order, (2) knowledge of the order, (3) ability to comply with the order, and (4) willful failure to comply with the order.'"  (*Wanke, Industrial, Commercial, Residential, Inc. v. Keck* (2012) 209 Cal.App.4th 1151, 1168.)

[7]     The elements of res judicata or issue preclusion are "'(1) the issue is identical to that decided in the former proceeding, (2) the issue was actually litigated in the former proceeding, (3) the issue was necessarily decided in the former proceeding, (4) the decision in the former proceeding is final and on the merits, and (5) preclusion is sought against a person who was a party or in privity with a party to the former proceeding.'"  (*Murphy v. Murphy* (2008) 164 Cal.App.4th 376, 398-399.)  As the trial court noted, LADSC is seeking in this matter "to recover for things which were before the court and the jury in the [faction control] case . . . with those same damages and issues as were addressed then now forming the keystone for [LADSC's] current lawsuit." The trial court's order in the prior lawsuit was not restrictive; it required the withdrawing faction to return all property to LADSC.  As set forth above, to the extent such property was not returned, the issue must be addressed through a contempt proceeding in that matter.

burden. LADSC provides no information as to how the FAC could be amended to state any alleged cause of action, nor does it provide information as to other potentially plausible causes of action that could be raised against respondents.

LADSC argues that respondents "continue to withhold client files, communications [and] Church funds." As set forth above, respondents' withholding of church property must be addressed in the trial court by way of contempt. These assertions do not change the legal insufficiency of the pleading in this matter.[8]

## DISPOSITION

The judgment is affirmed. Respondents are awarded their costs of appeal.

_____
CHAVEZ, J.

We concur:

_____    _____
ASHMANN-GERST, Acting P. J.    HOFFSTADT, J.

---

[8]    Because we have determined that LADSC's allegations are insufficient to state causes of action, we decline to discuss the parties' competing arguments as to whether LADSC had standing to sue in the faction control case and whether the causes of action in the present matter are timely under the applicable statutes of limitation.